UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Raizy Holczler<br><br>                    Plaintiff,<br><br><br>        -v.-<br>National Enterprise Systems, Inc.<br><br>                    Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Raizy Holczler ("Plaintiff" or "Holczler") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant National Enterprise Systems, Inc. ("Defendant" or "NES") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 929 45th Street, Brooklyn, NY 11219.

3. Defendant is a debt collector with an address at 2479 Edison Boulevard, Unit A, Twinsburg, OH 44087.

4. National Enterprise Systems, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around March 23, 2016 the Plaintiff received an initial communication letter from the Defendant.

11. This letter did not contain all the requirements of ''G Notice." Specifically this letter deceptively and incorrectly states who the original creditor is that the alleged debt is owed to.

12. The letter labeled Gap Visa Card as the original creditor. Gap is not a bank nor an extender of creditor, rather Synchrony Bank is the creditor and Gap Visa card is nothing more than a description of the debt.

13. It is deceptive to not clearly state who the creditor is on any letter sent. Mere allusions are not enough but the letter must specifically and clearly state who the creditor is. More importantly this is not the proper name of any creditor.

14. The Defendant has failed to provide the consumer with a proper initial communication letter.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

18. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Raizy Holczler demands judgment from the Defendant National Enterprise Systems, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
June 10, 2016

/s/ Daniel Kohn
**RC Law Group, PLLC**
By:  Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 107
Fax: (201) 282-6501