UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RAIZY HOLCZLER,                                             :  **MEMORANDUM**
                                         Plaintiff,         :  **DECISION AND ORDER**
                                                            :
            - against -                                     :  16 Civ. 3020 (BMC)
                                                            :
NATIONAL ENTERPRISE SYSTEMS, INC.,                          :
                                                            :
                                         Defendant.         :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this case under the Fair Debt Collection Practices Act, 15 U.S.C. 1692g(a), alleging that defendant collection company sent her a false and misleading collection notice because the notice misidentified the original creditor. Because the issue of whether the language of the letter is false or misleading is straightforward, the parties agreed at the initial status conference to proceed directly to cross-motions for summary judgment.

Plaintiff obtained a Visa credit card from the well-known clothing retailer GAP. GAP, of course, is not a bank and thus cannot issue its own Visa card. It uses a bank called Synchrony Bank as the acquiring bank for its GAP-branded Visa card. Plaintiff charged clothing at GAP on her Visa card, and received monthly statements showing "Gap VISA CARD" as the account creditor and directing that payment be made to "GAP VISA/SYNCHRONY BANK." When plaintiff failed to pay, the account went into collection, and Synchrony turned it over to defendant.

The collection notice from defendant identified the "Original Creditor" as "Gap Visa Card." It identified the "Current Creditor" as "Synchrony Bank." Plaintiff claims that from the

perspective of the least sophisticated consumer, this is "at best misleading, deceptive and confusing" because "Gap Visa Card" is not the creditor. Plaintiff states her claim this way: "Specifically, the Collection Letter errounously [sic] and falsly [sic] states that Gap Visa Card is the original creditor when in fact Synchrony Bank is the actual creditor attempting to collect the alleged debt."

I do not know what plaintiff's counsel expects from this unfortunate (by reason of having been hailed into this action) collection company. Is the problem that it identified the "Original Creditor" as "Gap Visa Card" instead of "Gap Visa" or "Gap Visa/Synchrony Bank?" I don't see that as confusing to anyone. If plaintiff reaches into her wallet, she will pull out a credit card that says GAP Visa Card. She has been getting monthly statements that say Gap Visa Card, and telling her to pay Gap Visa Card/Synchrony Bank. The collection notice, therefore, identifies the original creditor as Gap Visa Card, and the current creditor as Synchrony Bank. Plaintiff's counsel, although condemning this notice as false and deceptive, has not offered any alternative construction that would be acceptable to her. Her complaint is that "Synchrony Bank is the actual creditor," but the notice *does* identify Synchrony Bank as the "current creditor." If she is arguing that there is a difference between "actual" and "current," I do not see it.

Even the least sophisticated consumer is not a dolt. <u>Ellis v. Solomon and Solomon, P.C.</u>, 591 F.3d 130, 135 (2d Cir. 2010). If a consumer applied for a Visa card at the Gap, and bought some clothes there, and has been getting bills saying "Gap Visa card," telling her to make her checks payable to "Gap Visa/Synchrony Bank," and she hasn't paid the bills, and then she gets a collection notice saying that the original creditor is "Gap Visa," and that the current creditor is Synchrony Bank – what, exactly, is there to be confused or misled about? A consumer who is

2

confused by this disclosure is below even the highly protective standard of the FDCPA.  She is protected by other laws, like those pertaining to guardianship and conservatorship.

To the extent analogous authority is required for the only possible result in this case, defendant has cited it.  See Johns v. Northland Grp., Inc., 76 F. Supp. 3d 590, 592, 599 (E.D. Pa. 2014); Stricklin v. First Nat'l Collection Bureau, Inc., No. 10 Civ.1027, 2012 WL 1076679, at *6-7 (S.D. Ill. Mar. 30, 2012).  These cases are reasonably similar on the facts (which is somewhat surprising, as it means that similar claims have been brought before), whereas the cases plaintiff cites merely stand for broad propositions having no application to the facts here.

Defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.  The Clerk is directed to enter judgment in favor of defendant, dismissing the case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 17, 2016